IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PATRICK MAXWELL,

    Petitioner,

vs.                       No. 07-2148-B/V

BRUCE PEARSON,

    Respondent.

_____

ORDER CORRECTING THE DOCKET
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND
ORDER DENYING APPOINTMENT OF COUNSEL

_____

On March 1, 2007, Petitioner Patrick Maxwell, Bureau of Prisons ("BOP") inmate registration number 19188-076, who was, at the time, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"),[1] filed a pro se petition pursuant to 28 U.S.C. § 2241 (Docket Entry ("D.E.") 1) and paid the habeas filing fee. On May 11, 2007, Petitioner filed a motion seeking appointment of counsel. (D.E. 3.) The Court issued an order on July 20, 2007 directing Respondent to file a response to the petition. (D.E. 4.) On August 7, 2007, Respondent filed a motion to

---

[1] According to the BOP website, Maxwell is currently at the Federal Correctional Institution in Texarkana, Texas ("FCI-Texarkana"). The Clerk is directed to correct the docket to reflect this new address and to mail a copy of this order to his correct address.

dismiss the petition. (D.E. 8.) Petitioner has not responded to the motion to dismiss, and the time for response has expired.

Although Respondent asserts several grounds in support of his motion to dismiss, it is necessary to address only one, which is dispositive. On June 6, 2007, Maxwell was transferred from FCI-Memphis to a non-BOP facility (D.E. 8-3 at 1-2), where he awaited the BOP's designation to a more permanent placement. As previously noted, Maxwell is currently housed at FCI-Texarkana.

This petition concerns the conditions of confinement Maxwell experienced while housed at FCI-Memphis. As Petitioner is no longer incarcerated at FCI-Memphis, the petition is moot. Moore v. Curtis, 68 F. App'x 561, 562 (6th Cir. 2003); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Peck v. Mortimer, 650 F.2d 929, 930 (8th Cir. 1981); see Forbes v. Trigg, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); Thompson v. Smith, 719 F.2d 938, 940-41 (8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison).[2]

---

[2] Even if that were not the case, the Court would dismiss the petition, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute, due to the fact that Petitioner has not supplied the Clerk with a forwarding address.

Therefore, the Court GRANTS Respondent's motion to dismiss. The motion for appointment of counsel is DENIED as moot.

IT IS SO ORDERED this 5th day of February, 2008.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE